Roger Laudati, Inc. }
vs.         } No. 86623.
Grimoaldo Tancredi

June 14, 1932.

CAPOTOSTO, J. The plaintiff received a verdict of $1,318.05 in an action in assumpsit. The defendant moves for a new trial on the ground that the verdict is against the evidence.

The action turns around the dealings of a building contractor with an elastic conscience; an experienced mate-

rial-man in the person of the plaintiff; and the defendant, a man of ordinary intelligence who attempted for the first time to invest in a new home. The contractor, having incurred a number of bills, secured a substantial payment, gave nothing to the creditors, and abandoned the job. The plaintiff, who had been dealing with the contractor for some time and was, or should have been, aware of his method of doing business, waited until the lien period on some of his deliveries was about to expire and then sent for the defendant.

The present action of the plaintiff is based upon an alleged agreement of forbearance to enforce his lien upon the express promise of the defendant to pay the whole amount due. The plaintiff says that on June 23, 1930, the defendant called at his office, was acquainted with the state of the account, questioned the amount due, said that he wanted to check up with the contractor, requested him not to put on a lien and promised to pay whatever was owing. He further stated that the defendant came to his office several other times, excused himself for inaction because of his inability to find the contractor, and agreed to sign a written statement of obligation. On July 2, about 10 A. M., the defendant again went to the plaintiff's place of business and, after some discussion, was told by the plaintiff that unless he signed the agreement which the plaintiff had prepared by 3 P. M. that day, he, the plaintiff, would immediately begin lien proceedings. The defendant did not return to sign the agreement, and the plaintiff did institute lien proceedings that very day, such lien proceedings being recorded in Providence in Lien Book 12, Page 187, at 4:58 P. M.

The defendant's claim is quite different. His position is that, being confronted with the plaintiff's demand, he was anxious to see the contractor but that he never promised to pay the plaintiff the amount which he claimed was due. Furthermore, he denied ever agreeing to sign any statement, and claims that the agreement referred to was prepared by the plaintiff without his consent. He, in fact, refused to sign any statement.

The conduct of the parties and the credible evidence in the case support the defendant. In the Court's opinion it was an abortive attempt to change the right of lien into one of contract. There may have been negotiations looking for a promise to pay in substitution of the technical lien proceedings, but there was never a completed contract. The very fact that the defendant did not sign any statement, and the further fact that on July 3 the plaintiff did actually begin lien proceedings, weigh heavily against the plaintiff's claim. The defendant is entitled to a new trial.

Motion for new trial granted.

For plaintiff: Geo. F. Troy.

For defendant: Ralph Rotondo.